**B. Brown, Appellant, v. Julian S. Jackson and Norton Starr, copartners, trading as David Burr & Company, Appellees.**

Gen. No. 22,666. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed October 9, 1917.

### Statement of the Case.

Action by B. Brown, plaintiff, against Julian S. Jackson and Norton Starr, copartners, trading as David Burr & Company, defendants, to recover damages for failure to deliver, under three alleged contracts, six carloads of caustic soda. From a judgment for defendants, plaintiff appeals.

FRANKLIN N. WOOD and WILLIAM G. LESEMANN, for appellant.

CULVER, ANDREWS, KING & STITT, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. DAMAGES, § 11*—*when only nominal damages recoverable for breach of contract.* Where there is a breach of contract to deliver merchandise, in the absence of proper proof of damages, only nominal damages are recoverable.

2. NEW TRIAL, § 59*—*when not granted.* A new trial will not be granted merely to enable a party to recover nominal damages.

3. SALES, § 373*—*when evidence insufficient to show contract.* In an action to recover for breach of an alleged contract for the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

delivery of caustic soda, evidence consisting of telegrams and letters passing between the parties *held* insufficient to establish a contract.

4.  SALES, § 18*—*when seller not required to keep offer open.* Where the seller of merchandise quotes a price for a certain amount for future delivery, subject to being unsold, and wires the purchaser to send initial payment immediately if he wants deal closed and to wire answer, and the purchaser wires that the terms are satisfactory and that he will send the check on a certain day, the seller is not required to keep the offer open if he does not receive initial payment when promised.

5.  SALES, § 18*—*when contract not completed by acceptance.* Where an offer of goods is made on the condition that they are unsold and the lot offered is sold before receipt of acceptance of the offer, there is no completed contract.

6.  SALES, § 18*—*what does not constitute unequivocal acceptance of offer.* Where a purchaser, in reply to an offer sent by wire, replies that he will take the merchandise offered at the seller's prices outside of a previous purchase, and asks the seller to wire him, thus making the acceptance conditional on the seller's yielding to and confirming the purchaser's claim that a prior offer resulted in a contract, and calling for a reply, is not an unequivocal acceptance of the offer.

7.  SALES, § 18*—*when offer may be withdrawn.* Where an offer for the sale of goods is made by the seller and the purchaser makes a conditional acceptance, the seller not having received an unequivocal acceptance may withdraw his offer.

8.  PAYMENT, § 5*—*when evidence insufficient to show acceptance of part payment by retention of check.* Where a purchaser of goods pursuant to an alleged compliance with the offer by the seller sends a check as initial payment to close a deal, but before its receipt the seller has withdrawn the offer because payment was not made in compliance therewith, and makes two later offers as a substitute for the first in an effort to help out the purchaser and retains the check for use only in case the then pending negotiations ripen into a contract, and upon the alleged failure thereof returns the check, there is no acceptance of a partial payment to close the first deal.